# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

SUSAN A. KLIMES,

    Plaintiff,

vs.

COMMISSIONER OF SOCIAL SECURITY, Carolyn W. Colvin,

    Defendant.

No. 12-CV-4074-DEO

ORDER

_____

This matter is before the Court pursuant to Plaintiff's "Application For Attorneys Fees Under 28 U.S.C. §2412(d)" (Docket No. 22), requesting attorney fees in the amount of $3,412.50. The Defendant has filed, "Defendant's Response To Plaintiff's Application For Attorney Fees Under The Equal Access To Justice Act" (Docket No. 23), stating that the defendant has no objection to plaintiff's request for an EAJA fee payment in the amount of $3,412.50, to be paid to the Plaintiff by the Social Security Administration.

28 U.S.C. § 2412(d) of the EAJA provides for the award of fees and expenses if: (1) the party requesting the fees prevailed; (2) the position of the United States was not "substantially justified;" (3) the fees were incurred by the moving party in a "civil action . . . including proceedings

for judicial review of agency action;" (4) the action was brought by or against the United States; (5) the court entering the ruling had "jurisdiction of that action;" (6) the party seeking fees submitted an application 30 days after final judgment, specifying the "amount sought, including an itemized statement . . . stating the actual time expended and the rate at which fees and other expenses were computed;" (7) the amount sought is reasonable under the circumstances; and (8) there are no "special circumstances" making "an award unjust." (citation omitted).

In this case, Plaintiff has satisfied each necessary element. Plaintiff prevailed in a civil action against the Commissioner of Social Security (Docket No. 20). This Court properly exercised jurisdiction pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). The Commissioner was not substantially justified in that the overwhelming weight of the evidence supported the conclusion that an award of benefits was appropriate. Plaintiff's request for attorney's fees included an itemized statement of the actual time expended (Docket No. 22-1). Neither the Commissioner nor this Court consider the

amount sought to be unreasonable under the circumstances.[1] And, finally, this Court is unaware of any special circumstances which would render the award unjust.

**Therefore, as agreed to by the parties, attorneys fees under EAJA is granted in the amount of $3,412.50, payable to the plaintiff from the Social Security Administration.**[2]

**IT IS SO ORDERED** this 14th day of November, 2013.

_Donald E. O'Brien_
Donald E. O'Brien, Senior Judge
United States District Court
Northern District of Iowa

---

[1] 28 U.S.C. § 2412(d)(2)(A) provides that "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living . . . justifies a higher fee." (citation omitted). In this case, the Court has reviewed the Itemization of Fees provided by Attorney Scott regarding the charged rate in this case (Docket No. 22-1).

[2] In accordance with Astrue v. Ratliff, 560 U.S. 586 (2010), the EAJA fee is payable to the plaintiff as the litigant and may be subject to offset to satisfy any pre-existing debt the litigant may owe to the United States. Docket No. 23.